# In the United States Court of Federal Claims

Nos. 12-431L, 12-592L, 13-51X[1]

(Filed: October 16, 2015)

| | |
|---|---|
| ****************************************<br>GRACE M. GOODEAGLE, et al.,<br>　　　　　　　Plaintiffs,<br>v.<br><br>THE UNITED STATES,<br>　　　　　　　Defendant.<br>****************************************<br>QUAPAW TRIBE OF OKLAHOMA,<br>　　　　　　　Plaintiff,<br>v.<br><br>THE UNITED STATES,<br>　　　　　　　Defendant.<br>****************************************<br>THOMAS CHARLES BEAR et al.,<br>　　　　　　　Claimants,<br>v.<br><br>THE UNITED STATES,<br>　　　　　　　Defendant.<br>**************************************** | <br><br><br><br><br><br><br><br>Discovery Dispute; Organization and Labeling of Documents Produced in Haphazard Fashion; Government's Duty to Designate Person(s) to Testify at Rule 30(b)(6) Deposition. |

*Nancie G. Marzulla,* with whom were *Roger J. Marzulla,* Marzulla Law, LLC, Washington, D.C., *Stephen R. Ward* and *John L. Williams*, Conner & Winters, LLP, Tulsa, Oklahoma, Of Counsel, for Plaintiffs.

*Stephen R. Terrell,* with whom were *John C. Cruden,* Assistant Attorney General, and *Peter K. Dykema*, Environment and Natural Resources Division, U.S. Department of Justice, Washington, D.C., *Kenneth Dalton, Shani N. Walker,* and *Karen Boyd,* U.S. Department of Interior, *Thomas Kearns* and *Rebecca Saltiel*, U.S. Department of the Treasury, Of Counsel, for Defendant.

---

[1] The Court notes that while <u>Goodeagle *et al.*</u>, <u>Quapaw Tribe of Oklahoma</u>, and <u>Bear *et al.*</u> have not been officially consolidated, counsel for the parties have filed nearly identical motions, responses, and replies concurrently in the three cases. Thus, the Court addresses the Plaintiffs' motions for discovery relief in one opinion.

1

OPINION AND ORDER ON
PLAINTIFFS' MOTION FOR DISCOVERY RELIEF

WHEELER, Judge.

In these Indian Tribe cases involving significant claims against the United States for breach of fiduciary duty, among other things, Plaintiffs filed a motion for discovery relief on August 14, 2015 seeking an order in their favor on the following grounds: (1) the Government failed substantially and in multiple ways to produce documents in compliance with Rule 34 of the Court of Federal Claims Rules ("RCFC"); and (2) the Government failed to produce a witness or witnesses under RCFC 30(b)(6) who could respond to designated subjects listed in the deposition notice. Plaintiffs also request the imposition of sanctions, and the reimbursement for costs and fees associated with this motion under RCFC 37. On September 11, 2015, the Government filed an opposition to Plaintiffs' motion, and on September 18, 2015, Plaintiffs filed a reply. The Court deems oral argument unnecessary.

    A.  Document Production Issues

Plaintiffs assert that, at the beginning of discovery, they served the Government with reasonable requests for production of documents identifying specific topics relating to the relevant issues in these cases. Plaintiffs complain that, in violation of RCFC 34, the Government has refused to organize its responsive documents by the requested topics. Also, Plaintiffs allege that the Government procrastinated in its document production, producing 75 percent of the requested documents in the final six weeks of the discovery period without any organization or labeling. Plaintiffs argue that disorganized and unusable "data dumps" like this one are precisely an outcome that RCFC 34 is intended to avoid. Plaintiffs ask the Court to require the Government to re-produce its documents organized and labeled to correspond to the categories of documents contained in Plaintiffs' requests.

The Government opposes Plaintiffs' motion by arguing that its document production substantially complied with RCFC 34, and that many of Plaintiffs' requests were overly broad and not amenable to the categorization requirement of the rule. The Government also asserts that it is not required to label and categorize publicly available documents, and that it produced some of the documents as they are kept in the usual course of business, thus negating a need to label and categorize.

In responding to requests for production of documents, RCFC 34 requires "[a] party [to] produce documents as they are kept in the usual course of business or [to] organize and label them to correspond to the categories in the request[.]" RCFC 34(b)(2)(E)(i). This requirement creates an "either/or" standard where all documents produced as they are kept in the usual course of business do not need to be organized and labeled. See Hagemeyer

2

N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004). Above all, documents should not be haphazardly produced. SEC v. Collins & Aikman Corp., 256 F.R.D. 403, 411 (S.D.N.Y. 2009); see also Wagner v. Dryvit Sys., Inc., 208 F.R.D. 606, 610-11 (D. Neb. 2001) ("producing large amount of documents in no apparent order does not comply with a party's obligation under Rule 34.").

With respect to Bureau of Indian Affairs records produced from storage, this Court previously has found that Indian documents located at facilities such as the National Archives and Records Administration and "different facilities around the country . . . are, in most cases, poorly organized." Osage Tribe of Indians of Oklahoma v. United States, 87 Fed. Cl. 338, 340 (2009) (Hewitt, C.J.). In Ak-Chin Indian Community v. United States, 85 Fed. Cl. 397 (2009), the Court reviewed the document retention system at the American Indian Records Repository ("AIRR"), where most of the documents produced by the Government in these cases were located, and concluded that the documents stored at the AIRR "are not maintained in the usual course of business." Id. at 399 (Hewitt, C.J.).

Over and above the requirements of RCFC 34, the Government as trustee has a fiduciary duty to "provide information reasonably necessary to enable a beneficiary to enforce his rights under the trust or to prevent or redress a breach of trust." Restatement (Second) of Trusts § 173, cmt. c (1959). This Court has observed that "[t]he [tribe] is entitled to 'material information needed by beneficiaries for the protection of their interests'" against the Government. Osage Tribe of Indians of Oklahoma, 87 Fed. Cl. at 340 (quoting Restatement (Third) of Trusts § 82(1)(c) (2007)). Further, as trustee, the Government "ha[s] a clear obligation to maintain trust records and furnish such records to beneficiaries upon request. . . ." Cobell v. Norton, 240 F.3d 1081, 1093 (D.C. Cir. 2001).

Plaintiffs state that the Government has made 45 separate document productions totaling 822,473 documents from the AIRR and other document repositories without organizing or labeling the documents, and without any attempt to designate which documents are responsive to which requests. Plaintiffs have provided a detailed history showing their efforts to obtain some level of compliance from the Government in these cases. Although Plaintiffs' document requests are comprehensive, the Court does not find them to be overly broad. Moreover, the Court will not distinguish between documents produced electronically and those produced in hard copy. In either category, the Court finds that the Government's documents are not kept in the ordinary course of business.

Under the circumstances, the Court finds that the Government has failed to comply with RCFC 34 and its fiduciary trust obligations. Despite the expense that may be involved, the Government is directed to produce its responsive documents again, organized and labeled in a way that complies with Rule 34. Discovery has been extended for three months to allow the completion of this effort. Dkt. 121, Order, Oct. 15, 2015. The only exception to this requirement is for documents that are available to the public, which need not be separately organized and labeled.

B.  Rule 30(b)(6) Deposition Issues

On March 16, 2015, Plaintiffs served on the Government a notice of deposition under RCFC 30(b)(6), identifying fifteen topics for examination.  For six of these topics, the Government refused to produce a witness.  For four other topics, the Government refused to produce a witness for the time period prior to 2007.  For eight topics, the Government designated a witness, Mr. Paul Yates, Superintendent of the Miami Agency, but he was unable to provide answers on many of the eight topics for which he had been designated.[2]

Plaintiffs have asked for the imposition of sanctions due to the Government's failure to designate a proper witness under RCFC 30(b)(6).  In Plaintiffs' view, the Government should be prohibited from offering evidence at trial for any subject where its RCFC 30(b)(6) deponent failed to give testimony at the deposition.  The Court declines to impose such a severe sanction where there is no indication that the Government acted with willful neglect or bad faith.  See Zoltek Corp. v. United States, 71 Fed. Cl. 160, 171 (2006) ("exclusion of evidence is an extreme sanction and should be applied only when lesser sanctions are inadequate") (citations omitted).  Also, there is no prior discovery order that has been violated.  The better course, in the interest of full development of the facts, is to allow the Government a second chance to comply with Plaintiffs' RCFC 30(b)(6) deposition notice.  As with the Court's reading of Plaintiffs' document requests, the topics listed in the deposition notice were comprehensive, but not overly broad.  Therefore, the Government is directed to produce knowledgeable persons who can respond under oath in a RCFC 30(b)(6) deposition on behalf of the United States.

C.  RCFC 37 Fees and Costs

As noted above, on October 15, 2015, the Court entered an order granting the parties' joint motion to amend the pretrial schedule by adding three months to the remaining discovery tasks.  Under the amended schedule, the parties will have until July 14, 2016 to complete all discovery.  During this period, the parties will have opportunities to cure the discovery shortcomings that have occurred thus far.  Accordingly, the Court will deny Plaintiffs' claim for recovery of fees and costs without prejudice, subject to Plaintiffs reasserting the claim if the forthcoming discovery efforts are still unsatisfactory.

---

[2] Some of the categories overlap, in the sense that the Government refused to produce a witness for the time period prior to 2007, but did designate Mr. Yates who could not provide answers even for the time period after 2007.

Conclusion

Based upon the foregoing, Plaintiffs' motion for discovery relief is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

                                                  s/ Thomas C. Wheeler
                                                  THOMAS C. WHEELER
                                                  Judge