Exhibit 3

Excerpts from Deposition of J. Duffield

(July 15, 2016)

```
 1      IN THE UNITED STATES COURT OF FEDERAL CLAIMS

 2

 3   GRACE M. GOODEAGLE, et al.,

 4         Plaintiffs,

 5   v.
                                            No. 12-431L
 6   UNITED STATES OF AMERICA,

 7         Defendant.

 8
     QUAPAW TRIBE OF OKLAHOMA,
 9
           Plaintiff,
10
     v.                                     No. 12-592L
11
     UNITED STATES OF AMERICA,
12
           Defendant.
13

14   THOMAS CHARLES BEAR, et al.,

15         Plaintiffs,
                                            No. 13-51X
16   v.

17   UNITED STATES OF AMERICA,

18         Defendant.

19

20

21

22

23

24

25
```

```
 1                    DEPOSITION OF
 2                  JOHN W. DUFFIELD
 3
 4              Friday, July 15, 2016
 5                     9:12 a.m.
 6
 7           U.S. Department of Justice
                Environmental Division
 8               601 D Street, NW
                 Washington, D.C.
 9
10
11      Terry L. Bradley, Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                APPEARANCES OF COUNSEL

 2    For the United States:

 3       U.S. DEPARTMENT OF JUSTICE
         ENVIRONMENT & NATURAL RESOURCES DIVISION
 4       FRANK J. SINGER, ESQ.
         601 D Street, NW
 5       Washington, D.C. 20004
         T-202.616.9409
 6       E-frank.singer@usdoj.gov.

 7       U.S. DEPARTMENT OF THE INTERIOR
         OFFICE OF THE SOLICITOR
 8       KAREN F. BOYD, ESQ.   (By Telephone)
         1849 C Street, NW
 9       Room 7353
         Washington, D.C. 20240
10       T-202.208.7074
         E-karen.boyd@sol.doy.gov
11

12    For the Witness:

13       MARZULLA LAW
         ROGER J. MARZULLA, ESQ.
14       1150 Connecticut Avenue, NW
         Suite 1050
15       Washington, D.C. 20036
         T-202.822.6760
16       E-roger@marzulla.com

17

18

19

20

21

22

23

24

25
```

```
 1                    INDEX OF EXAMINATION

 2    EXAMINATION                                       PAGE

 3    By Mr. Singer                                       5

 4                         ~~~~~

 5
                        INDEX OF EXHIBITS
 6
      1.   Notice of Deposition                           9
 7    2.   Expert Report - Duffield                      15
      3.   Rebuttal Report - Duffield                    15
 8    4.   Penn State Extension Excerpt                 141
      5.   Expert Report - Donlan                       151
 9    6.   Rebuttal Report - Donlan                     156
      7.   Expert Report - Unsworth                     157
10    8.   "An Act" - DOJ                               158
               (1113ADC0002185 to 2189)
11    9.   Exhibit B                                    159
               (QT00513585 to 3640)
12    10.  Mining Impacts - Bristol Bay                 160
      11.  "The Class Lawyer"                           161
13             Caddell & Chapman
      12.  Quapaw Analysis                              167
14    13.  Spreadsheets                                 170
      14.  Current Report                               175
15             OK Cropland Rental Rates
      15.  USDA- Multi-Cropping Practices               176
16

17
      (Original Exhibits retained by Court Reporter.)
18
                         ~~~~~
19

20

21

22

23

24

25
```

```
 1   understanding.
 2   BY MR. SINGER:
 3       Q.    Okay.  And your understanding as
 4   recited here is that the claims at issue for
 5   your report are breach of trust claims,
 6   correct?
 7       A.    Yes.
 8       Q.    And do you have any understanding as
 9   to the specific trust obligations that are
10   relevant to your report?
11       A.    Well, I don't have an understanding
12   in terms of a formal legal phrase, and I can't
13   cite that it's 43 C.F.R. Part 11 to that level.
14       Q.    Which is part of CERCLA.
15       A.    But I will say that this is of
16   interest in order to form my choice of
17   methodology.  And my understanding is that
18   there's no formal guidance here compared to
19   CERCLA where Congress specifically required,
20   you know, some regulatory specification and the
21   whole Part A and Part B and specifically of 43
22   C.F.R.  So that's a different context to work
23   in.
24       Q.    Okay.  But you believe that the same
25   economic modeling that applies to CERCLA
```

```
 1   actions can be applied to the breach of trust
 2   context in these three cases?
 3              MR. MARZULLA:  Objection.  Calls for
 4   a legal conclusion.
 5              You can answer.
 6              THE WITNESS:  Well, again, I can't
 7   cite chapter and verse here in the legal world,
 8   but from the standpoint of economic theory,
 9   there is a widely accepted measure for economic
10   value.  And the CERCLA, the NRDA regulations
11   are consistent with that body of economic
12   literature and theory, and I subscribe to those
13   views.  And so where there's no clear
14   regulatory or guidance or legal guidance on
15   methods or measures in the breach of trust, I
16   would go with what economic theory guidance,
17   and so I would look at the regulatory guidance
18   in the NRDA as at least an example of how you
19   might do this.  It's, you know, just guidance.
20   It isn't binding here, but it's maybe efficient
21   to use.
22       Q.   If I offer the term "proxy", would
23   that be a fair term or substitute?
24       A.   Well, maybe just --
25            Yeah.  I would say efficient and
```