# In the United States Court of Federal Claims

No. 13-51X

(Filed:  January 9, 2020)

```
*********************************  )
                                   )
THOMAS CHARLES BEAR, et al.,       )    Congressional reference; settlement
                                   )
                  Claimants,       )
                                   )
        v.                         )
                                   )
UNITED STATES,                     )
                                   )
                  Defendant.       )
                                   )
*********************************
```

Nancie G. Marzulla, Marzulla Law, LLC, Washington, District of Columbia.  With her were Roger J. Marzulla, Marzulla Law, LLC, Washington, District of Columbia, Stephen R. Ward, Daniel E. Gomez, R. Daniel Carter, and C. Austin Birnie, Conner & Winters, LLP, Tulsa, Oklahoma, for the Quapaw Nation and certain individual claimants.

Terry J. Barker, Barker Woltz & Lawrence, Tulsa, Oklahoma.  With him were Joseph C. Woltz and Robert N. Lawrence, Barker Woltz & Lawrence, Tulsa, Oklahoma, for certain individual claimants.

Brian M. Collins, Trial Attorney, Environment and Natural Resources Division, United States Department of Justice, Washington, District of Columbia.  With him were Jean E. Williams, Deputy Assistant Attorney General, Frank J. Singer, Rebecca Jaffe, Guillermo Montero, and Anthony P. Huang, Environment and Natural Resources Division, United States Department of Justice, Washington, District of Columbia.  Of counsel were Kenneth Dalton, Karen F. Boyd, Ericka Howard, Dondrae Maiden, and Shani N. Walker, Office of the Solicitor, United States Department of the Interior, Washington, District of Columbia, and Thomas Kearns, Office of the Chief Counsel, Bureau of the Fiscal Service, United States Department of the Treasury, Washington, District of Columbia, for defendant.

Before the Review Panel, Charles F. Lettow, *Senior Judge, Presiding Officer*; Patricia E. Campbell-Smith, *Judge*; and Nancy B. Firestone, *Senior Judge*.

## REPORT OF THE REVIEW PANEL

*Per Curiam.*

On December 19, 2012, the United States House of Representatives passed House Resolution 668, referring a bill, H.R. 5862, entitled "A Bill relating to members of the Quapaw

Tribe of Oklahoma (O-Gah-Pah)" to the chief judge of this court.  H.R. Res. 668, 112th Cong. §
1 (2012).  The resolution instructed the court to "report back to the House of Representatives"
findings of fact and conclusions of law sufficient "to inform the Congress of the nature, extent,
and character of the Indian trust-related claims of the Quapaw Tribe of Oklahoma and its tribal
members for compensation as legal or equitable claims against the United States," *id.* § 2, in
accord with 28 U.S.C. §§ 1492, 2509.  The Quapaw Tribe of Oklahoma (O-Gah-Pah) is a
federally recognized Indian tribe that presently resides in Oklahoma, near that state's border with
Kansas.  The claims at issue all relate to the federal government's historical management of the
Tribe's trust.

Pursuant to Subsection 2509(a), the chief judge assigned Judge Thomas C. Wheeler as
the hearing officer in the referral, designated at this court as *Bear v. United States*, No. 13-51X.
Proceedings in the case moved forward until in the fall of 2019, shortly before a scheduled trial
on the merits, the parties notified the court that they had reached a settlement as to all claims
involved in this case. *See* ECF Nos. 333, 344.[1]  On December 3, 2019, the hearing officer issued
his report concluding that the "proposed compromise and settlement set forth in [the parties']
Joint Agreement, Stipulation, and Recommendation and embodied in this Report is proper and
fully informed."  Hearing Officer Report at 21, ECF No. 353.  The report then recommended that
"[i]t would be fair, just, and equitable to pay Claimants a total sum of $137,500,000" for all
claims actually asserted or those that could have been asserted under the terms of H.R. 5862, and
that the parties should bear their own fees, costs, interest, and expenses. *Id*. at 22.[2]  Following
issuance of the report and transmittal of the report and record to the Review Panel pursuant to
Rules of the Court of Federal Claims ("RCFC") Appendix D, ¶ 8, each of the parties filed a
notice responsive to RCFC App. D, ¶¶ 7 & 8, and accepted the report's findings and
recommendations without exceptions.  *See* ECF Nos. 355, 356, 357.  The review panel,
designated by the chief judge pursuant to 28 U.S.C. § 2509(a), has reviewed the report of the
hearing officer and the record in the case, and issues this report in accord with Subsections
2509(d), (e).

## DISCUSSION

In accord with 28 U.S.C. § 2509(c), the hearing officer's report of findings of fact and
conclusions of law shall take account of all "facts, including facts relating to delay or laches,
facts bearing upon the question whether the bar of any statute of limitation should be removed,
or facts claimed to excuse the claimant for not having resorted to any established legal remedy"
and present "conclusions sufficient to inform Congress whether the demand is a legal or
equitable claim or a gratuity, and the amount, if any, legally or equitably due from the United
States to the claimant."  After reviewing the report, "the panel, by majority vote, shall adopt or
modify the findings or the conclusions of the hearing officer."  28 U.S.C. § 2509(d).  "In

---

[1]Proceedings in this case ran parallel to two other actions pending at the court, *Goodeagle
v. United States*, No. 12-431, and *Quapaw Nation (O-Gah-Pah) v. United States*, No. 12-592.
Those cases arose from the same factual circumstances as the case at hand, and, although they
are outside the scope of this panel report, the claims at issue in those cases have also been settled
via the agreements reached between the parties.

[2]The settlement of the plaintiffs' claims on the *Goodeagle* and *Quapaw* cases called for
payment by the government to plaintiffs of $82,965,000.00.  *See* Hearing Officer Report at 19.

reviewing the hearing officer's report, th[e] review panel serves in a role analogous to that of an appellate court." *Kanehl v. United States*, 40 Fed. Cl. 762, 766 (1998) (citing *Bear Claw Tribe, Inc. v. United States*, 37 Fed. Cl. 633, 636 (1997)).  The court's rules specify that "the hearing officer's [factual] findings shall not be set aside unless they are found to be clearly erroneous," while the hearing officer's legal conclusions are "not be set aside unless justice shall so require." RCFC App. D, ¶ 8(d).  To be clearly erroneous, the review panel must be left with "the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Upon reviewing the hearing officer's report, the review panel adopts the findings of fact in totality, finding no error.  The issues in this case, and those in the two related cases, engendered substantial discovery efforts—during an almost three-year period, the parties produced 856,474 documents, took 42 depositions, and produced 25 expert reports and 26 rebuttal expert reports.  *See* Hearing Officer Report at 8.  The facts in this case span approximately 200 years, dating back to at least the early 1800s.  Under these relatively complicated circumstances, and particularly given that much of the hearing officer's thorough findings of fact come almost directly from the parties' joint stipulations, *see* Hearing Officer Report at 3-19, no clear error can be found.

Further, the panel adopts the hearing officer's conclusions of law in their entirety.  As with the fact determinations, the legal and equitable claims at issue in this case are relatively complex, specifically in light of their relationship to other disputes between these parties.  That said, the claims as determined by the hearing officer were based almost fully on the parties' joint stipulations and are well supported by the evidence. As noted by the hearing officer, the parties agreed to include all congressional reference claims within the overall proposed compromise and settlement.  *See* Hearing Officer Report at 20.  In short, the parties came to a settlement as to *all* claims actually or potentially included in this case, and resolved the appropriate damages due as a result. Overall, it was proper for the hearing officer to approve the settlement.

Accordingly, the panel adopts the findings and conclusions of the hearing officer and recommends to the House of Representatives that the claimants be awarded and paid a total sum of $137,500,000 for the extinguishment of all claims actually or potentially included within the terms of H.R. 5862.  Further, the parties shall bear their own attorneys' fees, costs, interest, and other expenses.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow, Presiding Officer
Senior Judge

s/ Patricia E. Campbell-Smith
Patricia E. Campbell-Smith
Judge

s/ Nancy B. Firestone
Nancy B. Firestone
Senior Judge

3